James R. Patterson, State Bar No. 211102
Jennifer M. French, State Bar No. 265422
PATTERSON LAW GROUP APC
1350 Columbia St., Suite 603
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
jenn@pattersonlawgroup.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL AZPEITIA, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>THE GEO GROUP, INC., GEO CORRECTIONS AND DETENTION, LLC, a Florida limited liability corporation, and DOES 1- 100, inclusive,<br><br>      Defendants. | CASE NO.: 2:19-cv-06578<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Violation of California Labor Code § 226.7 (Failure to Pay Meal and Rest Period Wages)<br>2) Violation of California Labor Code §§ 510, 1194(a), and 1197 (Failure to Pay Lawful Wages);<br>3) Violation of California Labor Code §§ 201-203 (Failure to Pay All Wages Owed);<br>4) Violation of California Labor Code § 226(a) (Improper Wage Statements);<br>5) Violation of California Labor Code § 2802 (Failure to Reimburse Business Expenses); and<br>6) Violation of California Business & Professions Code § 17200, et seq. (Unfair Competition)<br><br>**[DEMAND FOR JURY TRIAL]** |

# INTRODUCTION

1. Based on personal knowledge, information, and belief, plaintiff Krystal Azpeitia, a former member of the non-exempt security personnel, brings this putative class action, on behalf of herself and all other similarly situated non-exempt security officer members, against her former employer The GEO Group, Inc. and GEO Corrections and Detention, LLC (collectively "GEO" or "Defendants") for numerous wage and hour violations, including: (1) failing to pay security personnel according to their electronic time keeping system (Kronos), whereby GEO requires security personnel to clock on and off for every shift but pays its security personnel based on an unlawful rounding policy that, among other things, rounds off overtime; (2) employing an unlawful policy that precludes security personnel from clocking in more than seven minutes before a shift, or clock out more than seven minutes after a shift; (3) requiring security personnel to pass through security, including metal detectors and locked doors to get in and out of the facility without paying them for the time it takes to pass through security; (4) requiring security personnel to dress and put on equipment (or check in equipment) without pay; (5) failing to providing off-duty meal breaks; (6) failing to provide off-duty rest breaks or otherwise obtaining a waiver from the DLSE; (7) failing to provide timely and accurate wage statements; and (8) failing to reimburse for business expenses.

2. This is a class action under Federal Rules Civil Procedure 23 seeking recovery for Defendants' violations of provisions of the California Labor Code; California Business and Professions Code; the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Orders"); and related common law principles.

3. Plaintiff seeks monetary damages, including full restitution, from Defendants as a result of Defendants' unlawful, fraudulent, and/or unfair business practices.

4. The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this class action complaint against Defendants, up to and through the time of trial for this matter.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), because the amount in controversy exceeds $5 million, the number of proposed class members is more than 100, and minimal diversity is met. Plaintiff Azpeitia is a California citizen; and Defendants are citizens of Florida.

6. This Court has personal jurisdiction over Defendants because they regularly conduct business in California.

7. Venue in this District is proper under 28 U.S.C. § 1391(c) because at least some of the acts and omissions complained of herein occurred in this district. Defendants own, maintain offices and retail stores, transact business, and have agents and employees within this district.

## THE PARTIES

8. Plaintiff Azpeitia currently resides in Fresno, California. Plaintiff Azpeitia is a former employee of GEO.

9. Defendant The GEO Group, Inc., is a for-profit corporation proving correctional, detention, and community reentry services. The GEO Group, Inc. is organized under the laws of Florida and maintains its principal place of business at 621 NW 53rd Street, Suite 700, Boca Raton, Florida 33487. The GEO Group, Inc. is registered and does business in California as GEO California, Inc.

10. Defendant GEO Corrections and Detention, LLC, is a limited liability corporation organized under the laws of Florida and maintains its principal place of business at 621 NW 53rd Street, Suite 700, Boca Raton, Florida 33487. Upon information and belief, GEO Corrections and Detention, LLC is a subsidiary of Defendant The GEO Group, Inc.

11. At all times hereinafter mentioned, Defendants The GEO Group, Inc. and GEO Corrections and Detention, LLC were employers within the meaning of the Labor Code and applicable IWC Wage Order whose employees were and are engaged throughout the State of California and/or the various states of the United States of America.

12. Plaintiff is unaware of the true names or capacities of the Defendants sued

herein under the fictitious names DOES 1-100 but prays for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

13. Plaintiff alleges on information and belief that the named and DOE Defendants were: (1) acting as express agents, implied agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within the scope of and pursuant to such agency and employment, and with the full knowledge, consent, permission, approval, and ratification, either express or implied, of each of the other defendants and benefited from the actions of every other defendant, thereby adopting such conduct and actions as their own; (3) acting as each other's alter egos; and (4) aiding and abetting and offering substantial assistance to each other in the commission of the alleged wrongful acts.

14. Plaintiff is informed and believes, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and DOES 1-100, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with and represent the official policies of GEO.

15. Plaintiff is informed and believes, and based thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **GENERAL ALLEGATIONS**

16. GEO is a multibillion-dollar corporation that owns and operates detention facilities around the world. GEO employs over 23,000 employees, managing approximately 141 correction, detention, and residential treatment facilities through the United States, Australia, South Africa, and the United Kingdom.

17. The vast majority of GEO's business is in the United States, where it operates 71 correctional facilities.

18. GEO owns and operates 12 correction facilities in California, including the Golden State Modified Community Correctional Facility within Kern County, at 611 Frontage Road, McFarland, CA 93250 ("Golden State Facility").

19. From November 2013 to October 2015, Plaintiff Azpeitia worked as a member of the security personnel at the Golden State Facility.

20. GEO requires all security officers to track hours worked by clocking-in and clocking-out through the Kronos system. Kronos accurately tracks time entries down to the minute. GEO, however, does not pay its security personnel according to those time entries; instead, GEO manipulates the time entries by changing the entries to reflect the scheduled shift hours or fewer hours than were actually on-the-clock. GEO utilizes an unlawful rounding policy that rounds off overtime, and forbids employees from clocking in more than a few minutes before their shifts or clocking out more than a few minutes after a shift. GEO also ignored work hours reflected on handwritten time records before the implementation of the Kronos system.

21. GEO requires that Plaintiff, and other class members, wear uniforms and acquire these uniforms directly from GEO. GEO required Plaintiff, and other class members, to maintain the employer-mandated uniforms, including cleaning/laundering. GEO failed to reimburse Plaintiff and other class members for the costs associating with maintaining and cleaning the uniforms.

22. GEO also requires that Plaintiff, and other class members, purchase duty belts, pouches associated with duty belts, flash lights, and other equipment necessary for the discharge of their duties. GEO, however, failed to reimburse and indemnify Plaintiff and other class members for the costs of such equipment.

23. Plaintiff Azpeitia and Class Members also do not receive true off-duty meal and rest breaks. GEO essentially forces its security personnel to remain on-duty during their breaks by requiring them to, among other things, carry radios throughout their shifts and monitor and respond to emergencies and incoming calls at all times. GEO also requires its security personnel to remain on premise during rest breaks. Security personnel are otherwise unable to take lawful breaks because to leave the facilities would require them to pass through security during their break time.

24. Moreover, GEO has chosen to understaff its facilities during shifts. This

policy prevents security personnel from taking off-duty meal and rest breaks and forces them to work off-the-clock. GEO also requires security personnel to remain on-duty during breaks by requiring them to, among other things, carry radios and monitor and respond to emergencies and requests at all times.

25. GEO's policy and practice is to require security personnel to remain on-call during rest breaks. California law requires employers to provide employees with paid, duty-free ten-minute rest breaks for every four hours worked. To be exempt from the rest break requirement, employers must apply to the DLSA and post the application at the place of employment.

26. Plaintiff alleges on information and belief that GEO has not received an exemption from providing off-duty rest breaks to security personnel, yet its policy and practice is to require security personnel to work through their rest breaks by, among other things, subjecting the breaks to interruption if there is an emergency or a member of the security personnel is needed. Thus, GEO's failure to provide duty-free rest breaks is unlawful.

27. Based on the policies and practices set forth above, GEO failed to provide security personnel with accurate wage statements in violation of Labor Code section 226 and pay all final wages owed to terminated security personnel and security personnel who quit under Labor Code sections 201-203.

28. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, GEO was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

29. Defendants knew or should have known that they had a duty to properly compensate Plaintiff and the other Class Members, and it willfully, knowingly, and intentionally failed to do so in order to increase its profits.

30. Defendants knew or should have known that Plaintiff and the Class Members

were entitled to immediate payment of their wages upon the termination of their employment.

32. Defendants knew or should have known that they were required to keep accurate payroll records showing the hours that Plaintiff and the Class Members worked.

32. Defendants knew or should have known that Plaintiff and the Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

33. Defendants knew or should have known that they had an obligation to pay for all hours worked by Plaintiff and the Class Members, without reduction or rounding, but they willfully, knowingly, and intentionally failed to do.

34. Defendants knew or should have known that they had an obligation to provide Plaintiffs and the Class Members with off duty rest breaks and meal periods in accordance with California law, which they failed to do.

35. Defendants knew or should have known that they had an obligation to accurately track time for meal periods with respect to Plaintiff and the Class Members in accordance with California law, which they failed to do.

36. Defendants knew or should have known that they were required to reimburse Plaintiff and the Class Members for business expenditures, such as uniforms, and other equipment and tools required for the performance of their jobs.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of herself, as well as on behalf of each and all other persons similarly situated, and thus seek certification pursuant to Federal Rule of Civil Procedure 23:

38. The proposed class in this action consists of and is defined as:

> All of GEO's California-based employees who worked as a member of the security personnel during the Class Period.

39. The Class Period is defined as four years prior to the filing of a related case known as *Ramirez v. The GEO Group, Inc., et al.*, Case Number 3:18-cv-02136-LAB-MSB,

pending in the Southern District of California. The *Ramirez* complaint was filed in the Superior Court of California, County of San Diego, on August 9, 2018, and it tolled the statute of limitations as to the Class claims in this action.

40. There is a well-defined community of interest in the litigation and the Class is easily ascertainable:

a. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of GEO's employment records.

b. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest and typicality of claims, as alleged herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys and class counsel are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d. <u>Superiority</u>: The nature of Plaintiff's claims makes the class action procedure superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and it will

avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

e. <u>Public Policy Considerations</u>: California employers frequently violate employment and labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while still protecting their privacy.

41. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including, but not limited to:

a. Whether GEO failed to pay wages to Plaintiff and the other Class Members for all hours worked;

b. Whether GEO timely furnished wages to Plaintiff and the other Class Members under Labor Code sections 201 and 204;

c. Whether GEO failed to provide Plaintiff and the other Class Members with off duty rest and meal breaks;

d. Whether GEO's failure to provide Plaintiff and the other Class Members with off duty rest and meal breaks violated the Labor Code;

e. Whether GEO's conduct was willful or reckless;

f. Whether GEO complied with wage reporting as required by the Labor Code, including but not limited to section 226;

g. Whether GEO engaged in unfair business practices in violation of Business & Professions Code § 17200, *et seq.*; and

h. The appropriate amount of damages, restitution, and/or monetary penalties resulting from GEO's violations of California law.

42. At all times relevant herein, there were in full force and effect IWC Wage

Orders covering various occupations in which GEO's employees were employed, including but not limited to IWC Wage Order No. 4-2001 covering the "Professional, Technical, Clerical, Mechanical and Similar Occupations." The IWC Wage Orders are codified at Title 8, California Code of Regulations, sections 11010, *et seq.*

43. At all times relevant herein, GEO's employment of Plaintiff and the Class Members was subject to the provisions of the California Labor Code and to the IWC Wage Orders, including but not limited IWC Wage Order No. 4-2001.

## FIRST CAUSE OF ACTION

### Violation of Labor Code § 226.7

### (Failure to Pay Meal and Rest Period Wages)

### Against All Defendants and on Behalf of Plaintiff and the Class Members

44. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

45. GEO intentionally failed to ensure that its employees, including Plaintiff and the Class Members, had the opportunity to take and were provided with all proper meal periods and rest periods in accordance with the mandates of the Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks and rest breaks and were denied the opportunity to take their meal and rest breaks. As such, GEO is responsible for paying premium compensation for missed meal periods and rest periods pursuant to Labor Code section 226.7 and the applicable IWC Wage Order.

46. Plaintiff and Class Members worked in excess of five hours per day and, accordingly, had the right to take a thirty-minute meal period each day worked in excess of five hours. Furthermore, Plaintiff and Class Members who worked in excess of ten hours per day had the right to take a second thirty-minute meal period each day worked in excess of ten hours.

47. Plaintiff and Class Members who worked at least three and one-half hours had the right to take at least a ten-minute duty-free rest period for each four hours or major

fraction thereof that they worked.

48. As a pattern and practice, GEO regularly required employees to remain on-duty and work through their meal periods and rest breaks without proper compensation and denied Plaintiff and class members the right to take proper meal periods and rest breaks as required by law.

49. GEO's policy of requiring employees to work through their legally mandated meal periods and rest breaks and not allowing them to take proper meal periods and rest breaks is a violation of California law.

50. GEO's policy of never paying for a missed meal period or rest period that was not lawfully provided is a further violation of California law.

51. Plaintiff is informed and believes, and based thereon alleges, that GEO willfully failed to pay employees who were not provided the opportunity to take meal breaks or rest periods the premium compensation set out in Labor Code section 226.7 and the applicable IWC Wage Order, and that Plaintiffs and Class Members are owed wages for the meal period violations and rest period violations set forth above. Plaintiff is informed and believe, and based thereon alleges, that GEO's willful failure to provide Plaintiffs and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from employment are entitled to compensation under Labor Code section 203.

52. Plaintiff and the Class Members are entitled to recover from GEO the unpaid balance of the unpaid premium compensation under Labor Code section 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## Violation of Labor Code §§ 510, 1194, and 1197

**(Failure to Pay Wages)**

**Against All Defendants and on Behalf of Plaintiff and the Class Members**

53. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in the preceding paragraphs.

54. Throughout the class period, Plaintiff and the Class Members were classified as non-exempt and were not compensated for all hours worked, such as off-the-clock time, straight time, orientation time, and overtime.

55. GEO had a policy of not fully compensating security personnel even though GEO was obligated to pay security personnel from the moment they were on-duty until they were relieved of all duties. GEO failed to do this.

56. Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under the Code.

57. California Code of Regulations Title 8, §11000(2) and IWC Wage Orders section 4(A) state: "Every employer shall pay to each employee . . . wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014. . . ." "Hours worked" is defined as the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

58. GEO failed and refused to compensate security personnel for all wages earned and all hours worked in violation of IWC Wage Order 4-2001 and Labor Code sections 201, 202, 203, 226, 510, 558, 1194, and 1197, among other applicable sections.

59. Under Labor Code section 510 and IWC Wage Orders section 4(A), employees are entitled to overtime pay, which is calculated at one and one-half times the regular rate of pay, for hours worked in excess of eight hours per day; and employees are entitled to double their regular rate of pay for all hours worked in excess of twelve hours in any single workday.

60. Under California law, GEO is required to pay the Class Members for all hours worked, *i.e.*, the time during which the Class Members were subject to its control, including all the time they were suffered or permitted to work by it, whether or not required to do so.

61. Plaintiff and Class Members are entitled to all wages and one and one-half times and/or double their regular rates of pay for overtime work performed during the class period. Plaintiff and Class Members thus request recovery of wages and overtime compensation according to proof plus penalties, interest, attorney's fees and costs pursuant to Labor Code sections 218.5, 510, and 1194, IWC Order No. 4-2001, or any other California statutory, regulatory, or common law authority, as well as the assessment of any other statutory penalties against GEO, in a sum as provided by the Labor Code and other applicable California statutes and regulations.

62. In addition, GEO failed to pay Plaintiff and the Class Members for all the hours that they worked without reduction or rounding.

63. GEO's failure to pay Plaintiff and the Class Members the applicable minimum and overtime wages for each hour worked during the workweek constitutes a violation of Labor Code sections 510 and 1194(a).

## THIRD CAUSE OF ACTION

**Violation of Labor Code §§ 201-203**

**(Failure to Pay All Wages Owed)**

**Against All Defendants and on Behalf of Plaintiff and the Class Members**

64. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in the preceding paragraphs.

65. At all times herein set forth, Labor Code section 202 provided that if an employee quits his or her employment, the wages earned and unpaid at the time of quitting are due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to all wages at the time of quitting.

66. At all times herein set forth, Labor Code section 201 provided that if an

employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

67. Plaintiff quit her employment with GEO but was not provided with all her wages, earned and unpaid, in accordance with Labor Code section 202.

68. GEO' failure to pay Plaintiff and the Class Members their wages earned and unpaid upon quitting violates Labor Code section 202.

69. Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with section 201, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty days.

70. Plaintiffs and the Class Members are entitled to recover from GEO the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty day maximum, under Labor Code section 203.

## FOURTH CAUSE OF ACTION

**Violation of Labor Code § 226(a)**

**(Improper Wage Statements)**

**Against All Defendants and on Behalf of Plaintiff and the Class Members**

71. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

72. GEO intentionally failed to provide Plaintiffs and the Class Members with complete and accurate wage statements pursuant to the requirements of Labor Code section 226(a).

73. GEO intentionally did not provide Plaintiffs and the Class Members wage statements that met all the requirements under Labor Code section 226(a).

74. GEO intentionally did not provide Plaintiffs and other Class Members wage statements that included the total number of hours they worked, all applicable hourly rates, and the applicable pay period, which further injured them by making it more difficult to ascertain if or when certain rights under the Labor Code had been violated, and, in part,

prevented them from ascertaining that they were, in fact, not receiving the proper payment of their overtime wages.

75. Plaintiffs and the Class Members are entitled to recover the greater of their actual damages caused by GEO's failure to comply with Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars, and an award of costs and reasonable attorneys' fees under Labor Code section 226(e).

## FIFTH CAUSE OF ACTION

**Violation of Labor Code § 2802**

**(Failure to Reimburse Business Expenses)**

**Against All Defendants and on Behalf of Plaintiff and the Class Members**

76. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

77. Labor Codes section 2802 requires an employer to indemnify his or her employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer.

78. IWC Wage Order No. 4 section 9(B) provides that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.

79. GEO failed to reimburse Plaintiff and the Class Members for necessary business expenditures they incurred, including travel expenses, uniforms, tools, and equipment required for the performance of their duties.

80. Under Labor Code section 2802, Plaintiff and the Class are entitled to recover from GEO all expenses they incurred required for the performance of their job duties, plus interest, reasonable attorneys' fees, and costs of suit.

/ / /

/ / /

/ / /

# SIXTH CAUSE OF ACTION

## Violation of Business & Professions Code §§ 17200, *et seq.*

## (Unfair Competition)

## Against All Defendants and on Behalf of Plaintiff and the Class Members

81. Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in the preceding paragraphs.

82. GEO's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other Class Members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure section 1021.5.

83. GEO's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of Business and Professions Code sections 17200, *et seq.* (the "UCL").

84. Plaintiff and the putative Class Members have been personally aggrieved by GEO's unlawful business acts and practices as alleged herein, including but not necessarily limited to, by the loss of money or property.

85. Under the UCL, Plaintiff and the putative Class Members are entitled to restitution of the wages withheld and retained by GEO during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring GEO to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees under to Code of Civil Procedure section 1021.5 and other applicable law; and an award of costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# PRAYER FOR RELIEF

Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1. That this action be certified as a class action;

## As to the First Cause of Action
### (Meal and Rest Period Wages)

2. For general unpaid wages and premium wages under Labor Code section 226.7 and such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid wages;

4. For statutory penalties pursuant to Labor Code section 203;

5. For reasonable attorneys' fees and for costs of suit incurred herein; and

6. For such other and further relief as the Court may deem equitable and appropriate.

## As to the Second Cause of Action
### (Unpaid Wages)

7. For general unpaid wages, including overtime wages, under Labor Code sections 510 and 1194, and such general and special damages as may be appropriate;

8. For pre-judgment interest on any unpaid wage compensation from the date such amounts were due;

9. For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon under Labor Code section 1194.2;

10. For reasonable attorney's fees and for costs of suit incurred herein under Labor Code section 1194(a); and

11. For such other and further relief as the Court may deem equitable and appropriate.

/ / /

### As to the Third Cause of Action
### (Wages Not Paid Upon Termination)

12. For statutory penalties under Labor Code section 203;

13. For reasonable attorneys' fees and for costs of suit incurred herein; and

14. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action
### (Improper Wage Statements)

15. For all actual, consequential, and incidental losses and damages, according to proof;

16. For statutory penalties under Labor Code section 226(e);

17. For reasonable costs and attorneys' fees under Labor Code Code 226(e); and

18. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action
### (Failure to Reimburse Business Expenses)

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For pre-judgment interest on the business expenditures under Labor Code section 2802(b);

21. For reasonable costs and attorneys' fees under Labor Code section 2802(c); and

22. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action
### (Unfair Competition)

23. The disgorgement of any and all "unpaid-wages" and incidental losses, according to proof;

24. For restitution of "unpaid wages" to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

25. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of the UCL;

26. For reasonable attorneys' fees that Plaintiff and the Class Members are entitled to recover under Code of Civil Procedure section 1021.5;

27. For costs of suit incurred herein; and

28. For such other and further relief as the Court may deem equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 30, 2019          PATTERSON LAW GROUP

By: /s/ James R. Patterson

    James R. Patterson, State Bar No. 211102
    Jennifer M. French, State Bar No. 265422
    PATTERSON LAW GROUP APC
    1350 Columbia St., Suite 603
    San Diego, CA 92101
    Telephone: (619) 756-6990
    Facsimile: (619) 756-6991
    jim@pattersonlawgroup.com
    jenn@pattersonlawgroup.com

Attorneys for Plaintiff